UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENT-ARTHUR: WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLALLAM COUNTY PUD #1, *et al.*,<br><br>　　　　　Defendants. | Cause No. C23-5203RSL<br><br>ORDER REQUIRING A MORE<br>DEFINITE STATEMENT |

　　　　On March 17, 2023, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. The complaint identifies Clallam County PUD #1 and eight individuals as defendants. Plaintiff asserts claims under Title 18 of the United States Code, attaching a proposed "Criminal Complaint" that references 42 U.S.C. §§ 1983, 1985, and 1986. Much of the "Criminal Complaint" consists of conclusory accusations of unlawful conduct and constitutional deprivations. The few facts provided suggest that plaintiff is in the midst of a billing dispute with the public utility district and is in danger of having his utility service interrupted. He also seems to be upset that Clallam County PUD #1 will not complete and/or file a Form 1099-C evidencing the cancellation of his debt for electric and water service. None of the individual defendants is mentioned in the complaint, but an attachment identifies defendant Lori Carter as a PUD hearing officer, defendant Nicole Hartman as a PUD deputy hearing officer, and defendant Chanda Halverson as a PUD customer service representative. Plaintiff seeks

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 1

$2,880,000 in damages calculated on a per count basis against each of the individual defendants. Dkt. # 4 at 19.

The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient for the following reasons:

1. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555.

The individual defendants are not mentioned in the body of the complaint. These defendants - and the Court - would have to guess what acts they are supposed to have committed and how those acts relate to, much less establish, a claim under the criminal statutes identified at Dkt. # 4 at 11 or a claim under the Civil Rights Act of 1964. At a bare minimum, Rule 8(a) mandates that plaintiff "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint fails to serve this vital purpose as to the individual defendants.

With regards to the claims against Clallam County PUD #1, plaintiff's allegations of wrongdoing are generally too vague and/or conclusory to raise a plausible inference that he is entitled to relief. For instance, plaintiff alleges that defendants have entered into a conspiracy to "defraud and betray the Plaintiff," but does not identify who participated in this conspiracy or how plaintiff was defrauded/betrayed. Nor does he allege that he has paid all amounts due and owing on his utility account or that PUD #1 has cancelled a debt in a way that would trigger an obligation to file a Form 1099-C with the Internal Revenue Service. The fact that PUD #1 is attempting to collect the current balance on a utility account does not raise an inference of wrongdoing. Without more, plaintiff's allegations are insufficient under *Twombly*.

2. To the extent plaintiff is asserting a claim under 42 U.S.C. § 1983, he has not alleged state action in support such a claim. Nor can § 1983 be used to vindicate rights created by state law.

3. "To the extent that plaintiff is attempting to initiate a criminal complaint against defendants, the Court has no authority or power to order the relief plaintiff seeks." *Bosma v. Ace Am. Ins. Co.*, 2018 WL 11238942, at *1 (E.D. Mich. June 18, 2018). "[T]he authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Mercer v. Lexington Fayette Urban County Gov't.*, 1995 WL 222178 at *1 (6th Cir. Apr. 13 1995); *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Even considering plaintiff's *pro se* status, the Court must dismiss a private criminal complaint for lack of subject matter jurisdiction. *Brown v. Macon Cnty. Sheriff's Dep't*, 2021 WL 1022749, at *3 (M.D. Tenn. Mar. 17, 2021).

//

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 3

For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff is hereby ORDERED to file on or before April 20, 2023, an amended complaint which clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing enough facts that each defendant has sufficient notice to mount a defense and from which one could plausibly infer that plaintiff has a viable legal claim and a right to relief against each defendant. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, April 21, 2023.

Dated this 22nd day of March, 2023.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 4